# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BATRINA MARTIN,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-18-0363-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>    Agency. | DATE: June 13, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Batrina Martin</u>, Chesapeake, Virginia, pro se.

<u>Kathleen Ann Giacolone</u>, Portsmouth, Virginia, for the agency.

<u>David L. Mannix</u>, Falls Church, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the agency's unauthorized absence charge and the reasonableness of the penalty and to clarify the applicable burden of proof regarding the appellant's affirmative defense of status-based disability discrimination, we AFFIRM the initial decision.

## BACKGROUND

The undisputed facts as set forth in the initial decision are as follows. The appellant was formerly employed as a Health Systems Specialist for the Naval Medical Center in Portsmouth, Virginia. Initial Appeal File (IAF), Tab 35, Initial Decision (ID) at 2. On February 8, 2017, the agency proposed her removal based on four charges of unauthorized absence, failure to maintain a regular work schedule, failing to complete work assignments in a timely manner, and misuse of a Government computer. *Id.* After affording the appellant an opportunity to respond, the agency issued a decision sustaining the charges and removing her from service, effective April 6, 2017. *Id.*

The appellant filed a Board appeal disputing the charges and raising affirmative defenses of discrimination based on her disability and race, denial of reasonable accommodation, and retaliation based on her prior equal employment

opportunity (EEO) activity. IAF, Tab 1, Tab 30 at 2-3. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining her removal. ID at 1. The administrative judge found that the agency proved all four of its charges, there was a nexus between the charges and the efficiency of the service, and the penalty of removal was reasonable. ID at 3-12. He further found that the appellant failed to prove any of her affirmative defenses. ID at 13-24.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has opposed the appellant's petition. PFR File, Tab 4.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

As an initial matter, we deny the appellant's request that the Board grant her interim relief pending the outcome of her petition for review due to financial hardship. PFR File, Tab 1 at 3, 6. Under the Board's regulations, interim relief is only available to a prevailing party. *See* 5 C.F.R. § 1201.111(c)(1). Here, because the administrative judge sustained the appellant's removal and found that she failed to prove any of her affirmative defenses, and in light of our decision to affirm the initial decision, we find that the appellant is not a prevailing party, and thus, is not entitled to interim relief. *See, e.g., Edmond v. Veterans*

---

[2] With her petition, the appellant has submitted two exhibits. PFR File, Tab 1 at 7-16. Exhibit A is a document from the Office of Personnel Management concerning the appellant's application for a deferred retirement annuity. *Id.* at 9. Exhibit B appears to be a document that the appellant created concerning mitigating factors in response to the agency's charge of unauthorized use of a government computer. *Id.* at 11-16. We decline to consider such evidence because the appellant has not shown that it constitutes new and material evidence that was unavailable, despite her due diligence, prior to the close of the record below. 5 C.F.R. § 1201.115(d).

[3] The agency has also filed a motion to dismiss the appellant's petition as untimely filed. PFR File, Tab 3. However, we find that the appellant timely filed her petition by mail on November 16, 2018, within 35 days after the issuance of the initial decision on October 12, 2018. PFR File, Tab 1 at 1; ID at 1; *see* 5 C.F.R. § 1201.4(*l*) (stating that the date of filing by mail is determined by the postmark date); 5 C.F.R. § 1201.114(e) (stating that a petition for review must be filed within 35 days of the date of issuance of the initial decision). Accordingly, we deny the agency's motion.

*Administration*, 21 M.S.P.R. 633, 638 n.2 (1984) (finding that the appellant was not a prevailing party when the Board sustained the agency's removal action).

<u>The administrative judge properly found that the agency proved its charges.</u>

Regarding the agency's unauthorized absence charge, the appellant asserts on review that she was absent due to her medical condition and cites to medical records that do not appear to have been originally submitted to the agency. PFR File, Tab 1 at 3; IAF, Tab 33.

Generally, to prove a charge of unauthorized absence or absence without leave (AWOL), an agency must show that the appellant was absent and that her absence was unauthorized; if the employee requested leave, the agency must show that the request was properly denied. *Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 7. Nonetheless, in certain situations, an appellant may rely upon medical evidence of illness not previously submitted to the agency as a defense to an action based on such a charge. *See, e.g.*, *Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶ 6 (2010); *Zeiss v. Veterans Administration*, 8 M.S.P.R. 15, 17-18 (1981).

The administrative judge found that the appellant was absent on the dates charged, the absences were unauthorized, and the agency properly denied the appellant's leave requests. ID at 3-5. In finding that the agency proved its unauthorized absence charge, however, the administrative judge did not reference or discuss the appellant's new medical evidence, which reflects that during the relevant time period she was suffering from several medical conditions that may have rendered her incapacitated from work. IAF, Tab 33. Nonetheless, we find that such medical conditions do not warrant reversal of the charge because the appellant has not explained how any of her medical conditions rendered her unable to present administratively acceptable evidence to show that she was incapacitated for duty. *See Thom*, 114 M.S.P.R. 169, ¶ 6; *Zeiss*, 8 M.S.P.R. at 18-19; 5 C.F.R. § 630.405 (authorizing an agency to require submission of administratively acceptable medical evidence in support of an absence because of

incapacitation due to a physical or mental illness). Further, we note that, in response to the deciding official's request for medical documentation, the appellant simply indicated that she would not release her confidential medical records. IAF, Tab 11 at 10. Thus, the agency properly considered her absence to have been unauthorized because she failed to provide administratively acceptable evidence of her incapacitation during the relevant period.[4]

Beyond her assertions that she was medically incapacitated, the appellant does not specifically challenge the administrative judge's finding that the agency proved its charge of failure to maintain a regular work schedule. We discern no error in the administrative judge's findings that the agency proved this charge because the appellant was absent due to illnesses, which constituted compelling reasons beyond her control, her absences continued beyond a reasonable amount of time, the agency warned her it may take an adverse action if she did not become available for duty, and the appellant's position needed to be filled by an employee available for duty. ID at 6-7; *see, e.g., Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 31 (2014).

Regarding the charge of failure to timely complete work assignments, the appellant reiterates her argument that the agency should have provided her with overtime to complete the meeting minutes and that other employees were provided excessive overtime. PFR File, Tab 1 at 3. Such an argument, however, was considered and rejected by the administrative judge, who credited the testimony of the appellant's supervisor that the directorate did not grant overtime

---

[4] Because the appellant had exhausted all of her sick leave, ID at 4, the agency had the discretion of granting her leave without pay or charging her with an unauthorized absence, *see Riley v. Department of the Army*, 53 M.S.P.R. 683, 689 n.4 (1992). The appellant's supervisor testified that the appellant was granted leave without pay for the dates on which she submitted administratively acceptable medical documentation. IAF, Tab 34, Hearing Compact Disc (HCD) (testimony of the appellant's first-level supervisor). To the extent the appellant did not provide acceptable medical documentation to the agency for the dates at issue in this appeal, we find that the agency's denial of leave without pay was not unreasonable. ID at 5; *see e.g., Robb v. Department of Defense*, 77 M.S.P.R. 130, 135 (1997).

to anyone and compensatory time was not necessary because the appellant was granted multiple extensions to compete her work. ID at 23. The appellant's mere disagreement with the administrative judge's finding does not provide a basis for reversal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-106 (1997) (stating that the Board will give due deference to the credibility findings of the administrative judge and will not grant a petition for review based on a party's mere disagreement with those findings); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Regarding the charge of unauthorized use of a Government computer, the administrative judge found that the appellant's use of her Government computer to access documents related to her work as a professor at Strayer University and Liberty University was unauthorized because the agency's regulations prohibit using a Government computer for personal financial gain. ID at 9-10. On review, the appellant argues that she accessed Department of Education websites before and after her work shifts and on Saturday and Sunday. PFR File, Tab 1 at 4. Such an argument is unpersuasive to the extent the charge was unauthorized use of a Government computer and the administrative judge found that the appellant admitted that she used her Government computer as part of her duties as a professor in violation of agency regulations. ID at 9. The appellant also reiterates her arguments that she was permitted to use the internet and conduct research, which she contends was related to her Federal job duties. PFR File, Tab 2 at 5-6. However, the administrative judge considered but rejected such arguments as unpersuasive, and we decline to disturb such findings. ID at 9-10.

The administrative judge properly found that the appellant failed to prove her affirmative defense of disability discrimination.[5]

In finding that the appellant failed to prove her affirmative defense of status-based disability discrimination, the administrative judge found that the

---

[5] The appellant does not challenge the administrative judge's specific findings that she failed to prove her affirmative defenses of discrimination based on race or retaliation.

appellant was an individual with a disability and properly analyzed whether the appellant's disability was a motivating factor in her removal. ID at 14-15; *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 40. On review, the appellant generally asserts that the agency was prohibited from discriminating against a qualified individual with a disability and its actions were in violation of the Americans with Disabilities Act, PFR File, Tab 1 at 1-2, but she has not identified any specific errors in the administrative judge's finding that she failed to prove that her disabilities were a motivating factor in the agency's decision to remove her.

To prove a failure to accommodate disability discrimination claim, the appellant must prove that she is a disabled person, that the action appealed was based on her disability and, to the extent possible, she must articulate a reasonable accommodation under which she believes she could perform the essential duties of her position or of a vacant funded position to which she could be reassigned. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 16 (2010). We agree with the administrative judge that the appellant failed to articulate a reasonable accommodation under which she could have performed her job duties or show that the agency's removal action was based on her disability. The record does not reflect that the appellant submitted sufficient medical documentation in support of her request for reasonable accommodation as instructed by the agency, or explained how her requested accommodations would have allowed her to perform her job duties. IAF, Tab 5 at 45, Tab 26 at 34-40. Moreover, the administrative judge found that, despite receiving information concerning how to request a reasonable accommodation in 2015 and February 2016, the appellant did not request a reasonable accommodation until November 23, 2016, which was after most of the charged misconduct occurred. ID at 18-19. Thus, he found that it was not improper for the agency to discipline her for her misconduct. *Id.* We discern no error in the administrative judge's analysis. *See* U.S. Equal Employment Opportunity Commission, Enforcement

Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, Notice No. 915.002, Question 36 (Oct. 17, 2002) (stating that, "[s]ince reasonable accommodation is always prospective, an employer is not required to excuse past misconduct even if it is the result of the individual's disability").

<u>The administrative judge properly found that the penalty of removal was reasonable.</u>

When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 53 (2007); *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct). In making this determination, the Board must give due deference to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Pinegar*, 105 M.S.P.R. 677, ¶ 53. The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeds the bounds of reasonableness. *Id*.

As the administrative judge noted, the deciding official testified that any one of the charges could have been sufficient for removal. ID at 11. Having considered the relevant *Douglas* factors, including the appellant's medical conditions as a mitigating factor, we conclude that removal is a reasonable penalty under the circumstances. *See Foreman v. U.S. Postal Service*, 89 M.S.P.R. 328, ¶ 17 (2001) (finding that removal was a reasonable penalty based on a sustained charge of being AWOL for 16 days when the appellant had three prior disciplinary actions based on similar offenses and was repeatedly

warned to provide adequate documentation to substantiate his absences); *Maddux v. Department of the Air Force*, 68 M.S.P.R. 644, 645-46 (1995) (holding that removal is a reasonable penalty for approximately 2 weeks of AWOL, despite the fact that there were mitigating factors, including the employee's length of service and his personal problems); *see also Gartner v. Department of the Army*, 104 M.S.P.R. 463, ¶¶ 9-15 (2007) (finding that removal was reasonable for a sustained charge of excessive absence when the appellant was absent for 333.5 hours during a 6-month period); *Cresson v. Department of the Air Force*, 33 M.S.P.R. 178, 184-85 (1987) (finding that removal was a reasonable penalty for excessive absences, notwithstanding the appellant's 35 years of service and the absence of a prior disciplinary record).

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.