**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2024 MSPB 3**

Docket No. DC-0752-20-0420-I-1

**Carmencita Wilson,**

**Appellant,**

**v.**

**Small Business Administration,**

**Agency.**

January 25, 2024

Carmencita Wilson, McDonough, Georgia, pro se.

Claudine Landry, Esquire, and Kenneth M. Bledsoe, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision that sustained her removal. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, CLARIFY the burdens of proof in Title VII disparate treatment discrimination cases, and REMAND the appeal to the regional office for further adjudication in accordance with this Opinion and Order.

### BACKGROUND

¶2 The appellant occupied a GS-14 Supervisory Administrative Specialist position with the agency's Office of Disaster Assistance, Administrative Services

Center, in Herndon, Virginia.  Initial Appeal File (IAF), Tab 6 at 35.  On May 21, 2019, the appellant suffered a compensable injury and began a prolonged leave of absence.  *Id.* at 37.  She had surgery on June 19, 2019, and continued to receive follow-up care.  IAF, Tab 30 at 4.  On September 3, 2019, the appellant's physician cleared her to return to work with restrictions.  IAF, Tab 9 at 41.

¶3        However, the appellant did not return to duty.  The appellant requested a reasonable accommodation.  IAF, Tab 30 at 5.  She also requested various combinations of sick leave, annual leave, and leave without pay (LWOP) to cover her absences, but in each case her supervisor denied her requests, apart from requests to cover scheduled appointments.  IAF, Tab 11 at 51-77, Tab 30 at 5.  By the time the appellant returned to work on January 6, 2020, she had accumulated 400 hours of absence without leave (AWOL) on the following dates: September 9, 13, 23, 25-26, and 30, 2019; October 5, 7, 9, 11, 14-18, 21-25, and 28-31, 2019; November 1, 5-6, 8, 12-15, 18-20, 22, 25, and 29, 2019; December 5-6, 11, 13, 16, 26-27 and 30, 2019; and January 3, 2020.  IAF, Tab 11 at 51-77, Tab 30 at 5.

¶4        On March 2, 2020, the agency removed the appellant based on charges of: (1) delay, failure, or refusal to follow the legal instruction or direction of the supervisor or other agency manager in authority; and (2) AWOL.  IAF, Tab 7 at 58-61, Tab 8 at 11-19.  Both charges contained nine specifications, broken down by pay period, and were based on the same dates listed above.  IAF, Tab 8 at 12-18.

¶5        The appellant filed a Board appeal raising numerous affirmative defenses, including discrimination based on disability (both reasonable accommodation and disparate treatment theories), sex, and race, whistleblower reprisal, and retaliation for filing equal employment opportunity (EEO) and Office of Inspector General (OIG) complaints.  IAF, Tab 1 at 3, 5, Tab 14 at 5-7.  After a hearing, the administrative judge issued an initial decision sustaining the appellant's removal.  IAF, Tab 34, Initial Decision (ID).  The administrative judge merged the two

charges into a single charge of AWOL and found that the agency met its burden on the issues of the charge, nexus, and the penalty.[1] ID at 7, 12-13, 25-27. The administrative judge further found that the appellant did not prove disability discrimination, race or sex discrimination, retaliation for EEO activity, or retaliation for filing an OIG complaint and a grievance. ID at 14-25.

¶6    The appellant has filed a petition for review disputing the administrative judge's analysis of several issues and submitting evidence concerning some of her claimed protected activity. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

### This appeal is remanded for further adjudication of the charge.

¶7    The Board has generally stated that, in order to prove a charge of AWOL, an agency must show "that the appellant was absent, and that [her] absence was not authorized, *or* that [her] request for leave was properly denied." *E.g., Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 6 (2009) (emphasis added); *see Rojas v. U.S. Postal Service*, 74 M.S.P.R. 544, 548 (1997), *aff'd*, 152 F.3d 940 (Fed. Cir. 1998) (Table). However, the Board has also cautioned that this formulation is imprecise and open to misinterpretation. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 n.5 (2015), *overruled on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31. On a literal reading, the use of the word "or" suggests that an agency could prove an AWOL charge merely by showing that it did not authorize an employee's absences, even if the employee made a request for leave that the agency did not properly deny. *See id.* However, in a case such as this, where the employee

---

[1] The agency initially objected to the merger of the charges, but later withdrew that objection. IAF, Tab 16 at 4. For the reasons explained by the administrative judge, we agree that merger was proper. IAF, Tab 13 at 3; *see Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 18 (2006) (holding that, when two charges are based on the same facts and proof of one charge automatically constitutes proof of the other, the charges should be merged).

requested leave to cover her absences, an AWOL charge will be sustained only if the agency establishes that it properly denied those leave requests. *Id.,* ¶ 28; *see, e.g., Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶ 5 (2010) (holding that an AWOL charge resulting from the denial of sick leave will not be sustained if an appellant presents administratively acceptable evidence to show that she was incapacitated for duty during the relevant time and she had sufficient sick leave to cover her absences); *Joyner v. Department of the Navy*, 57 M.S.P.R. 154, 159 (1993) (holding that, when disciplinary action results because LWOP is denied and the employee is placed on AWOL, the Board will review the circumstances to determine if the denial was reasonable).

¶8        Here, the administrative judge sustained the AWOL charge solely on the grounds that "the appellant was scheduled to work, she was absent, and the appellant's absence was not authorized." ID at 13. She further stated that the appellant "did not seem to dispute" that the agency could prove the charge. *Id.* However, as discussed above, the agency must also establish that it properly denied the appellant's requests for leave. *See, e.g., Dobert v. Department of the Navy*, 74 M.S.P.R. 148, 150 (1997) (holding that the Board will review an agency's denial of a request for annual leave in connection with an AWOL charge); *Benally v. Department of the Interior*, 71 M.S.P.R. 541-42 (1996) (considering the expected length of the absence and its impact on the workplace in assessing an agency's denial of annual leave). Whether the agency properly denied the appellant's leave requests—which included requests for sick leave, annual leave, and LWOP—is a matter in dispute. To the extent the appellant contends that the denial of her leave requests was the result of a prohibited personnel practice under 5 U.S.C. § 2302(b), and thus improper, further adjudication is needed to determine the merits of the prohibited personnel practice claims for the reasons discussed below.[2] Furthermore, the question of

_____

[2] In this regard, an appeal of a removal based on an AWOL charge is analogous to an appeal of a removal based on a failure to accept a direct reassignment, wherein the agency bears the burden of showing that the reassignment was for a legitimate

whether the agency properly denied the appellant's leave requests may turn in part on the credibility of hearing testimony, which the administrative judge is in the best position to decide in the first instance. Accordingly, on remand, the administrative judge must make new findings on the AWOL charge.

<u>The appeal is remanded for adjudication of the appellant's affirmative defenses.</u>

¶9    As set forth above, the appellant raised claims of discrimination based on disability, sex, and race, reprisal for whistleblowing, and retaliation for filing EEO and OIG complaints.[3] The administrative judge issued an Order and Summary of Status Conference explaining that a violation of Title VII is established if an appellant shows that discrimination or retaliation was a motivating factor in the contested personnel action, noting that the Board has addressed the differences between direct and circumstantial evidence, and ordering the parties to submit "specific evidence and argument" in support of their respective burdens. IAF, Tab 13 at 4-5. The order did not, however, set

---

management reason. In such a case, the agency fails to prove its charge if the appellant shows that the directed reassignment constituted a prohibited personnel practice, and was therefore not based on a legitimate management reason. *See Richard v. Department of Defense*, 66 M.S.P.R. 146, 158-59 (1995) (remanding for a determination of whether the appellant's evidence regarding her allegation of EEO retaliation was sufficient to cast doubts on the bona fides of the reassignment), *modified on other grounds by Buckler v. Federal Retirement Thrift Investment Board*, 73 M.S.P.R. 476, 497 (1997); *Umshler v. Department of the Interior*, 44 M.S.P.R. 628, 629, 634 (1990) (vacating and remanding an initial decision sustaining a removal for failure to accept a directed reassignment when, among other things, the administrative judge failed to address the appellant's assertions that his reassignment constituted a prohibited personnel practice); *Craighead v. Department of Agriculture*, 6 M.S.P.R. 159, 161-62 (1981) (considering the appellant's claim of marital status discrimination in determining whether the agency-directed reassignment was based on legitimate management reasons).

[3] The appellant's September 8, 2019 email to the EEO office, in which she specifically asked to "file a formal EEO complaint" against her supervisor, constitutes protected activity under 42 U.S.C. § 2000e-16, regardless of whether the agency processed a formal EEO complaint as the appellant requested. IAF, Tab 15 at 23-24. The fact that this pro se appellant used the terms "grievance" and "complaint" interchangeably does not yield a different result. The email also shows that, contrary to the initial decision, the appellant's contact with the EEO office was separate from the administrative grievance she filed against her supervisor. *See id.* at 24.

forth the kind of evidence required to meet those burdens. It also did not set forth the standards and burdens of proof for claims of disability discrimination and reprisal for whistleblowing or filing an OIG complaint. *Id.* at 3-5; *see* IAF, Tab 20. Although the agency explained in its response to the appellant's submission why it believed that she did not prove her affirmative defenses, it too did not comprehensively set forth the applicable burdens and the kind of evidence required to meet those burdens. IAF, Tab 29.

¶10    The Board has required its administrative judges to apprise appellants of the applicable burdens of proving a particular affirmative defense, as well as the kind of evidence required to meet those burdens. *E.g.*, *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 7 (2015); *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 10 (2013). Because the administrative judge did not fully inform the appellant of her burdens of proof and the means by which she could prove her affirmative defenses, the appellant did not receive a fair and just adjudication of her affirmative defenses. *Miles v. Department of the Navy*, 102 M.S.P.R. 316, ¶ 15 (2006); *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 24 ("When an appellant raises an affirmative defense of disparate treatment discrimination under Title VII, the administrative judge should notify her of the various standards and methods of proof, including the respective levels of relief available under each standard."). Thus, this case must be remanded. *See Viana v. Department of the Treasury*, 114 M.S.P.R. 659, ¶ 8 (2010); *Miles*, 102 M.S.P.R. 316, ¶¶ 15-18. On remand, the administrative judge must advise the parties of the applicable burdens of proving all of the appellant's affirmative defenses, including the standards set forth in *Pridgen*, 2022 MSPB 31, ¶¶ 20-25, 30-33, which was issued after the issuance of the initial decision. The administrative judge should also provide the parties with an opportunity to present evidence and argument, hold a supplemental hearing on the appellant's affirmative defenses to permit the parties to address the applicable standards, and

apply those standards in the remand initial decision.[4]  *See Lin v. Department of the Air Force,* 2023 MSPB 2, ¶ 25.

The burdens of proof in Title VII disparate treatment discrimination claims are clarified.

¶11     We also take this opportunity to clarify the burdens of proof in Title VII disparate treatment discrimination claims that arise before the Board.  As explained in *Pridgen,* 2022 MSPB 31, ¶ 20, the substantive standard for Title VII claims in the Federal sector provides that all personnel actions affecting covered employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16.  The Board in *Pridgen* noted that the Supreme Court in *Babb v. Wilkie,* 140 S. Ct. 1168, 1173-74 (2020), interpreted the identical statutory language in the context of a Federal sector age discrimination claim and held that a plaintiff may prove such a claim by showing that discrimination played any part in the way a decision was made.  *Pridgen,* 2022 MSPB 31, ¶ 21.  The Board held that such a finding is the same as a finding of "motivating factor."  *Id.*  Proof that discrimination was a motivating factor in an appealable action is a violation even if the agency would have made the same decision in the absence of the discriminatory motive.  *Id.*  Relying on *Babb,* the Board further held that, while an appellant who proves motivating factor and nothing more may be entitled to injunctive or other "forward-looking relief," to obtain the full measure of relief under the statute, including status quo ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, the appellant must show that discrimination was a but-for cause of the action.[5]  *Id.,* ¶ 22.  Thus, there are two standards for proving

---

[4]  In connection with the appellant's claim of disability discrimination, the administrative judge was unable to assess the sufficiency of the September 28, 2019 medical certification the appellant provided to the agency in support of her request for leave under the Family and Medical Leave Act.  ID at 16.  The parties did not submit that document into the record and were not advised of the need to do so.  We encourage the parties to provide that document on remand.

Title VII disparate treatment discrimination:   motivating factor and but-for causation.

*Methods of Proving Discrimination*

¶12        An appellant may prove discrimination under either of those different standards of proof by various methods, and no one method is the exclusive path to a finding of liability.  *Pridgen*, 2022 MSPB 31, ¶ 23.  The Board in *Pridgen* set forth those methods, which may include:  (1) direct evidence[6]; (2) circumstantial evidence, which may include (a) evidence of "suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn," also known as a "convincing mosaic"; (b) comparator evidence, consisting of "evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic . . . on which an employer is forbidden to base a difference in treatment received systematically better treatment"; (c) evidence that the agency's stated reason for its action is "unworthy of belief, a mere pretext for discrimination" (i.e., the burden-shifting standard under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)); and (3) some combination of direct and indirect evidence.  *Id.*, ¶ 24.  Thus, an appellant may proceed by showing that discrimination was a motivating factor in the agency's action or by showing that discrimination was a but-for cause of the agency's action.  *Pridgen*, 2022 MSPB 31,  ¶¶ 21-25.   An appellant may also proceed under both standards simultaneously.  *See id.*, ¶¶ 29, 42 (directing the administrative judge to consider on remand evidence of discrimination "according to the standards set forth

---

[5] *Babb* arose in the context of a claim of discrimination brought by a plaintiff in U.S. district court.  140 S. Ct. at 1171-72.  The Board did not address in *Pridgen* whether the applicable statutes permit the Board to award such injunctive or other forward-looking relief.  We need not, however, resolve that question at this time.

[6] Direct evidence may be any statement by an employer that reflects directly the alleged discriminatory attitude and bears directly on the contested employment discrimination. *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 40 (2012).

above," and noting that the remedies available to the appellant will vary based on the level of causation).

> *There is no burden shifting if an appellant is only trying to prove that discrimination was a motivating factor in the appealed action*

¶13 Given the "sweeping statutory language" of 42 U.S.C. § 2000e-16, *id.*, ¶ 21, as well as the Court's holding in *Babb* that a plaintiff may prove discrimination simply by showing that such discrimination played any part in the way a decision was made, there is no basis for applying shifting burdens in determining whether an appellant proved that discrimination was a motivating factor in an appealable action. In other words, the *McDonnell Douglas* or any other shifting-burden framework does not apply in determining whether discrimination was a motivating factor in an employment decision. *See Pridgen*, 2022 MSPB 31, ¶ 21 n.4 (holding that "an appellant in a motivating factor regime need not fully rebut the agency's proffered motives as pretext"); *see also Babb v. Department of Veterans Affairs*, 992 F.3d 1193, 1204 (11th Cir. 2021).

> *There is the potential for burden shifting if an appellant is trying to prove that discrimination was a but-for cause of the appealed action*

¶14 Nevertheless, shifting burdens, i.e., either the agency articulating or producing a legitimate, nondiscriminatory reason for the action under *McDonnell Douglas*, or the agency proving that it would have taken the same action absent the discrimination, may still be used in determining but-for causation. *Pridgen*, 2022 MSPB 31, ¶¶ 24-25; *see Ford v. DeJoy*, No. 4:20-cv-00778-NAD, at 10, 2021 WL 6113657 (N.D. Ala. 2021) ("Because full relief requires a showing of but-for causation, the *McDonnell Douglas* frameworks . . . still apply in determining whether circumstantial evidence is sufficient to support a finding that a plaintiff is entitled to full relief under § 2000e-16(a)."). The Board noted in *Pridgen*, 2022 MSPB 31, ¶ 25, for example, that the *McDonnell Douglas* framework is a sensible, orderly way to evaluate the relevant evidence that has been introduced. Similarly, the Equal Employment Opportunity Commission

(EEOC) has held that the Supreme Court's decision in *Babb* "does not state that the *McDonnell Douglas* standard does not apply to [Age Discrimination in Employment Act of 1967 (ADEA)] cases," and the EEOC therefore has continued to apply that standard in age discrimination and Title VII disparate treatment cases. *See Dortha G. v. Social Security Administration*, EEOC Appeal No. 2022003175, 2022 WL 18280366, at \*4 (Dec. 19, 2022); *Marguerite L. v. Social Security Administration*, EEOC Appeal No. 2021002765, 2022 WL 1631452, at \*5 (Apr. 27, 2022). We defer to the EEOC on this matter of substantive discrimination law. *See Pridgen*, 2022 MSPB 31, ¶ 40. As explained below, the Board will apply the proof frameworks that the EEOC and the courts generally use to determine but-for causation in Title VII Federal sector disparate treatment discrimination cases.

*Frameworks for proving but-for causation*

¶15 The "but-for" standard generally requires a showing that the harm would not have occurred in the absence of—that is, but for—the discriminatory conduct. *University of Texas Southwest Medical Center v. Nassar*, 570 U.S. 338, 346-47 (2013). Accordingly, an employee may proceed in at least one of two ways to establish but-for causation. *Ford v. Mabus*, 629 F.3d 198, 207 (D.C. Cir. 2010).

¶16 First, in cases involving at least some circumstantial evidence, an employee may use the *McDonnell Douglas* evidentiary framework to establish that a Title VII-protected characteristic was a but-for cause of the challenged personnel action. *Ford*, 629 F.3d at 201, 207. Under that framework, the employee has the initial burden of proving a prima facie case of discrimination based on disparate treatment.[7] *See Hodges v. Department of Justice*, 121 M.S.P.R. 337, ¶ 19 (2014);

---

[7] Establishing a prima facie case under the *McDonnell Douglas* test is not the same as proving that discrimination was a motivating factor in an action. *See Green v. Department of Energy*, EEOC Appeal No. 0120121775, 2013 WL 874672, at \*1 (Feb. 28, 2013) (rejecting the complainant's assertion that the Commission erred in applying the three-part *McDonnell Douglas* analysis and should have instead applied a "motivating factor" standard for disparate treatment cases). In fact, the Supreme Court has noted that the motivating factor test was not introduced into Title VII practice until

*Marguerite L.*, 2022 WL 1631452, at \*3. To establish a prima facie case, an employee must generally show that (1) she is a member of a protected class, (2) she suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of discrimination. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 35 (2014). Although the necessary elements of a prima facie case of prohibited discrimination may vary according to the particular facts and circumstances at issue, an appellant may establish a prima facie case by presenting facts that, if unexplained, reasonably give rise to an inference that the action was based on an impermissible criterion. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 41 (2010). The methods of proving discrimination set forth above, such as comparator evidence, may be one way of establishing a prima facie case. *Id.*[8]

¶17      Once the appellant has made out a prima facie case, the agency bears the burden of articulating a nondiscriminatory explanation for the action. *Ford*, 629 F.3d at 201. The appellant, however, bears the ultimate burden of proving, throughout the analysis, that discriminatory animus was a determining, or but-for, cause of the personnel action. *Id.*; *see Emerita v. Department of Homeland Security*, EEOC Appeal No. 2021005082, 2022 WL 18280308, at \*3 (Dec. 13, 2022). An appellant may satisfy this burden by showing that the employer's reason is pretextual or by showing that it was more likely than not that the agency was motivated by discrimination. *Ford*, 629 F.3d at 201. This approach has been

---

years after *McDonnell Douglas*, and that *McDonnell Douglas* therefore does not mention the motivating factor test let alone endorse its use. *Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 140 S. Ct. 1009, 1018-19 (2020).

[8] We note that in cases involving only direct evidence, there is no longer the need to prove a prima facie case or facts from which an inference of discrimination can be drawn. *Past v. Department of Homeland Security*, EEOC Appeal No. 01A60565, 2006 WL 1725425, at \*3 n.2 (June 16, 2006) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985)). Direct evidence eliminates the need to apply the *McDonnell Douglas* shifting burdens of proof. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. at 121.

described as the "single motive" or "pretext" theory[9] of discrimination, *Ponce v. Billington*, 679 F.3d 840, 844 (D.C. Cir. 2012), whereby proof of pretext is equated with but-for causation, *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 282 n.10 (1976); *Foster v. University of Maryland-Eastern Shore*, 787 F.3d 243, 249, 252 (4th Cir. 2015) (stating that the *McDonnell Douglas* framework "already incorporates a but-for causation analysis").  The established order of analysis for this proof framework need not, however, be followed in all cases.  When an agency has articulated a legitimate, nondiscriminatory reason for its actions, the factual inquiry can proceed directly to the third step of the analysis, i.e., the ultimate issue of whether the appellant has shown by preponderant evidence that the agency's reason for its action was a pretext for discrimination, and therefore motivated by discrimination.  *Hodges*, 121 M.S.P.R. 337, ¶ 19; *Marguerite L.*, 2022 WL 1631452, at \*3-4.

¶18       Second, an employee may prevail even when the employer acted with mixed motives, i.e., when there is evidence that discrimination was one of multiple motivating factors for an employment action such that the employer acted on the bases of both lawful and unlawful reasons.  *Ford*, 629 F.3d at 203; *see Ward B. v. U.S. Postal Service*, EEOC Appeal No. 2022002280, 2023 WL 4294818, at \*2 (June 12, 2023).  The Supreme Court has held that the "motivating factor" standard is "more forgiving" than the but-for standard, and that "liability can sometimes follow even if [the protected characteristic] *wasn't* a but-for cause of the employer's challenged decision."  *Bostock v. Clayton County*, 140 S. Ct. 1731, 1740 (2020).  Under this approach, even if an employee shows that discrimination was a motivating factor in an employment decision, she will not be

---

[9] Courts have used the "pretext" and "single-motive" labels interchangeably.  However, the term "single-motive" is something of a misnomer.  The Supreme Court has explained that events often have multiple but-for causes, and these can be deduced by changing one thing at a time and seeing whether the outcome changes.  *Bostock v. Clayton County, Georgia*, 140 S. Ct.1731, 1739 (2020).  This is so regardless of whether the plaintiff proceeds under a mixed-motive or pretext theory.  *Id.*  As explained below, either theory will offer an avenue for proving but-for causation.

entitled to damages or status quo ante relief if the employer proves that it would have made the same decision absent the discrimination. *Ford*, 629 F.3d at 203-04; *see Sean T. v. U.S. Postal Service*, EEOC Appeal No. 0120150928, 2017 WL 6422301, at *4 (Dec. 5, 2017); *Tellez v. Department of the Army*, EEOC Request No. 05A41133, 2005 WL 689373, at *6 (Mar. 18, 2005). The purpose of this inquiry, which asks if the employer would have taken the same action absent the discriminatory animus, is to determine whether the discriminatory animus was a but-for cause, or real reason, for the decision. The Supreme Court in *Babb* did not elaborate on the method or methods of proving but-for causation under 42 U.S.C. § 2000e-16, and thus did not identify whether the burden of persuasion shifts to the agency under this mixed-motive framework. Deferring to the EEOC, however, we find that it does. *See Jarvis M. v. Department of Health and Human Services*, EEOC Petition No. 0320170006, 2023 WL 4653539, at *5 (July 5, 2023); *Tellez*, 2005 WL 689373, at *6. Thus, if an appellant proves motivating factor and the agency does not prove by preponderant evidence that it would have taken the same action in the absence of discrimination, the appellant has established but-for causation and will be eligible for full relief under the statute, including status quo ante relief and damages. *Jazmine F. v. Department of Defense*, EEOC Petition No. 0320170007, 2023 WL 4653604, at *8-9 (July 5, 2023). If an agency proves its same action defense under the mixed-motive framework, however, the action is not reversed and the appellant may not receive reinstatement, back pay, or damages.[10] *Pridgen*, 2022 MSPB 31, ¶ 22.

¶19    An appellant may choose to show but-for causation under the pretext framework or under the mixed-motive framework, or by proceeding under both theories simultaneously. *Ponce*, 679 F.3d at 845; *see Jones v. Department of the*

[10] In EEOC proceedings, at least, other forms of relief may be available that do not relate to the end result of the employment action, including declaratory relief, injunctive relief, costs, and attorney fees. *See Ward B.*, 2023 WL 4294818, at *2. For example, the EEOC may order an agency to post notices, provide EEO training, and not discriminate or retaliate against an employee in the future. *See, e.g., Sean T.*, 2017 WL 6422301, at *6.

*Army*, 68 M.S.P.R. 398, 403 (1995) (recognizing that discrimination claims may be proven under a "pretext" or "mixed-motive" framework). Although selecting among all of the options set forth in this decision may assist an appellant in presenting a claim of discrimination before the Board, making and articulating such a selection is not required, nor is it binding. An appellant who is raising a claim of disparate treatment discrimination under Title VII should submit for the Board's consideration all of the types of evidence set forth above in support of such a claim. Not all of those types of evidence will be needed in every case. *Pridgen*, 2022 MSPB 31, ¶ 24. Each type of evidence may be sufficient by itself to support a judgment for the employee, or they can be used together. *Id.* Upon consideration of all of the relevant evidence, the administrative judge and the Board, if a party files a petition for review of an initial decision, will apply the appropriate proof framework(s) and adjudicate the claim. *See Nuskey v. Hochberg*, 730 F. Supp. 2d 1, 4 (D. D.C. 2010) ("The question of whether the evidence presented supports only a 'single motive' theory or a 'mixed motive' theory (or possibly both) need not be finally resolved until after both sides have presented their cases to the jury and the Court has evaluated the evidence.").

ORDER

¶20    Accordingly, we remand this appeal to the regional office for further adjudication consistent with this Opinion and Order.[11]


_Jennifer Everling_
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.

---

[11] The administrative judge may adopt her previous finding that the agency's delay in providing the appellant with a copy of the table of penalties did not constitute harmful procedural error under 5 U.S.C. § 7701(c)(2)(A). *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991) (holding that an agency's procedural error is harmful only where the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error).