**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DWIGHT A. SUGGS, | DOCKET NUMBER |
| Appellant, | SF-0714-19-0052-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE:  November 18, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Dwight A. Suggs, Gary, Indiana, pro se.

Cheri Thanh M Hornberger and Mickel-Ange Eveillard, Los Angeles, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal from Federal service pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat 862, 869-73 (codified as amended at 38 U.S.C. § 714). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a WG-3 Housekeeping Aid. Initial Appeal File (IAF), Tab 4 at 27. On August 27, 2018, the agency proposed his removal pursuant to 38 U.S.C. § 714 based on the following charges: (1) conduct unbecoming a Federal employee, with four specifications; (2) absence without leave (AWOL), with three specifications; (3) failure to follow instructions, with one specification; (4) and failure to follow procedures, with three specifications. *Id.* at 96-101. After considering the appellant's written response to the proposal, *id.* at 47-94, the deciding official issued a decision letter dated October 15, 2018, sustaining the charges and the removal penalty, *id.* at 30-33. The appellant was removed from his position effective October 17, 2018. *Id.* at 30.

The appellant filed a Board appeal challenging his removal and requested a hearing. IAF, Tab 1. He raised affirmative defenses of disability discrimination, retaliation for his prior equal employment opportunity (EEO) activity, and retaliation for protected whistleblowing activity. IAF, Tabs 16, 25, 39.

After a hearing, IAF, Tabs 42, 44, the administrative judge issued an initial decision sustaining the removal, IAF, Tab 47, Initial Decision (ID) at 1, 48. Specifically, the administrative judge determined that the agency proved by substantial evidence all four specifications of conduct unbecoming, all three specifications of AWOL, the single specification of failure to follow instructions, and specifications 1 and 3 of failure to follow procedures. ID at 4-27. She further concluded that the appellant did not prove any of his affirmative defenses. ID at 27-46. Finally, the administrative judge determined that, because the action

was taken pursuant to 38 U.S.C. § 714, the agency was not required to establish the efficiency of the service or the reasonableness of the penalty. ID at 46-48.

The appellant has filed a petition for review of the initial decision.[2] Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition, and the appellant has filed a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved all of its charges.</u>

*The administrative judge correctly concluded that the agency proved the charges of conduct unbecoming and AWOL.*

On review, the appellant argues that the agency did not prove the fourth specification of conduct unbecoming or the first specification of AWOL. PFR File, Tab 4 at 6. These specifications concern the same incident, during which the appellant allegedly accompanied an employee to an administrative investigative board (AIB) interview during duty hours even though he was not an approved attendee and had not received permission to attend the meeting as the employee's representative. IAF, Tab 4 at 97, 120, 123. The gravamen of the conduct unbecoming specification was that the appellant appeared as another employee's official representative even though he had not been designated as such, and he refused to leave the area outside of the meeting room even after another agency employee and an agency police officer instructed him to do so. ID at 11. Regarding the AWOL specification, the administrative judge found that, although the appellant submitted an unsworn written statement from an agency employee stating that the appellant had informed him that he was "going

---

[2] The appellant asserts on review that new and material evidence exists that was not available when the record closed below, and he provides a number of documents with his petition for review. PFR File, Tab 1 at 1, 3-30, Tab 4 at 6-7, 10-11. We have reviewed the provided documents and conclude that none of them are new or material. *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material).

to a hearing," it was unclear what role that employee had in the leave approval process. The administrative judge further found that the appellant had not provided any evidence that, even if he had requested to attend the meeting, his request was granted by an agency official with the authority to grant the request for leave. ID at 13-14; *see Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 7 (explaining that, to prove an AWOL charge, an agency must demonstrate that the employee was absent without authorization and, if the employee requested leave, that the request was properly denied); IAF, Tab 12 at 21.

On review, the appellant asserts that the administrative judge erred in determining that the agency proved these specifications, and he provides a second unsworn statement from the same agency employee referenced in the above paragraph. PFR File, Tab 1 at 29, Tab 4 at 6. However, the content of that statement is substantially similar to the one included in the record below, which the administrative judge considered but gave little weight to because it was vague and uncorroborated. ID at 14. Additionally, as the administrative judge noted, the agency contends that the appellant did not submit a leave request to an agency official responsible for granting leave, and the appellant has not provided any evidence that he submitted a leave request and that the agency approved any such request. ID at 14; IAF, Tab 12 at 21. Accordingly, we find no reason to disturb the administrative judge's findings on these specifications.

> *The administrative judge also correctly determined that the agency proved the charges of failure to follow instructions and failure to follow procedures.*

Under the failure to follow instructions charge, the agency alleged that, on the morning of August 21, 2018, the appellant's first-line supervisor instructed him to clean the canteen area and to complete an inspection report, but the appellant refused to do so. IAF, Tab 4 at 98. The specification states that the appellant refused a second instruction to section off and clean the area and that,

when his supervisor performed a second inspection of the canteen area later the same morning, it still had not been cleaned. *Id.*

The first specification of the charge of failure to follow procedures alleged that, on that same day, the appellant informed the Canteen Chief that he would not clean behind the appliances or mop and sweep the checkered floors in the canteen because it was not a part of his regular duties and because he was not paid overtime to do so. *Id.* at 98-99. The second specification of the failure to follow procedures charge alleged that, on May 22, 2018, the appellant failed to move two linen carts from a food preparation area after being instructed to do so by the Regional Manager of the Veterans Canteen Service (VCS). *Id.* at 99. The third specification of the failure to follow procedures charge alleged that, on May 23, 2018, the appellant entered the kitchen area of the canteen without a beard net and refused to put on a beard net even after the Regional Manager of VCS provided him with one and instructed him to put it on. *Id.*

On review, the appellant argues that the agency did not prove these charges and specifications. PFR File, Tab 4 at 5; IAF, Tab 4 at 98-99. The appellant argues that these duties were not his responsibility and that he therefore could not have failed to follow instructions or procedures when he failed to complete them. PFR File, Tab 4 at 5.

The administrative judge considered the appellant's argument that these duties were not his responsibility, but she credited the testimony of the VCS Service Chief, who testified that these duties were part of the appellant's regular duties. ID at 20-21 (citing IAF, Tabs 42-6 to 42-7, Hearing Recording (testimony of the VCS Service Chief)). The administrative judge noted that the VCS Service Chief and the appellant's first-line supervisor testified credibly and consistently that the appellant's position description required that he sweep and mop the floors, including the checkered floor that he refused to clean. ID at 21-23 (citing IAF, Tabs 42-6 to 42-7, Hearing Recording (testimony of the VCS Service Chief)); IAF, Tabs 44-5 to 44-6, Hearing Recording (testimony of the appellant's

first-line supervisor)); *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (finding that consistency of the evidence is an important factor in assessing credibility). Accordingly, we similarly find no error in the administrative judge's findings regarding these charges and specifications.

The appellant has not challenged the administrative judge's findings concerning the remaining specifications, and we discern no basis to disturb them. Accordingly, we also agree with the administrative judge that the agency proved all four charges. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (holding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

<u>The appellant did not prove his disability discrimination claims.</u>

The appellant raised disability discrimination defenses under both disparate treatment and retaliation theories.[3] To prove disparate treatment disability discrimination, an appellant must show that he was a qualified individual with a disability and that disability discrimination was at least a motivating factor in the action under appeal. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 40. Applying the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), the administrative judge found that, although the appellant was disabled within the meaning of the Rehabilitation Act, and that he suffered an adverse employment action, he did not offer evidence sufficient to raise an inference of discrimination. ID at 30-36.

On review, the appellant reiterates that he is an individual with a disability, but he has not identified any error in the administrative judge's determination that

---

[3] The appellant also claimed disability discrimination under a disparate impact theory. IAF, Tab 16 at 3, Tab 25 at 5; *see generally Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 993-95 (1988) (setting forth the elements of a disparate impact claim). The administrative judge found that the appellant failed to prove this affirmative defense. ID at 37-38. The appellant does not contest this finding on review, and for the reasons stated in the initial decision, we agree with the administrative judge.

his disability was not a motivating factor in his removal. PFR File, Tab 1 at 1, Tab 4 at 4, 7-9. We clarify that the appellant has established that he not only is disabled but also is a qualified individual with a disability, i.e., one who can perform the essential functions of his position with or without reasonable accommodation. *See* 42 U.S.C. § 12111(8). However, we find that the administrative judge considered the relevant evidence as a whole and accurately characterized that evidence in deciding the motivating factor issue. ID at 32-36. For the reasons explained in the initial decision, we agree with the administrative judge that disability was not a motivating factor in the removal. *Id*.

To prove an affirmative defense of retaliation under the Rehabilitation Act, an appellant must show that he engaged in activity protected under the Rehabilitation Act and that retaliation for the activity was a but-for cause of the agency's action. *Pridgen*, 2022 MSPB 31, ¶¶ 46-47. The administrative judge found that the appellant engaged in protected activity by filing a request for reasonable accommodation and by filing a disability discrimination complaint with the Department of Health and Human Services' Office of Civil Rights. ID at 40. However, she found that the appellant did not prove that his removal was motivated by retaliatory animus for these activities. ID at 40-41. Specifically, she found no evidence that any of the responsible management officials were aware of the appellant's disability discrimination complaint, and although the appellant's supervisors probably could have inferred that the appellant had requested reasonable accommodation sometime in the past, there was no evidence that they harbored any animus against him for it. *Id*. Although the administrative judge applied the motivating factor causation standard instead of the but-for standard, we agree with her ultimate conclusion. *See Williams v. Department of Commerce*, 2024 MSPB 8, ¶ 17 n.7 ("The administrative judge's finding that the appellant failed to prove motivating factor causation necessarily means that he failed to prove but-for causation."). Under the circumstances of this case, the mere fact that the appellant engaged in protected activity of which some of the

responsible management officials may have been aware is insufficient to establish that retaliation was a but-for cause of his removal. *See Carter v. Department of the Army*, EEOC Appeal No. 0120061789, 2007 WL 1320653 at *3 (Apr. 27, 2007).

On remand, the administrative judge should make findings as to whether the appellant's protected whistleblowing activity was a contributing factor in his removal.

The appellant raised a whistleblower reprisal affirmative defense, which the administrative judge found that the appellant failed to prove. IAF, Tab 16 at 9; ID at 41-46. To establish an affirmative defense of reprisal for protected whistleblowing activity, the appellant must prove that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or participated in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) and that the protected disclosure or activity was a contributing factor in the agency's personnel action. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-13 (2015).

> *We agree with the administrative judge that the appellant engaged in the protected activity of contacting the agency's Office of Inspector General.*

The appellant alleged below that he engaged in protected activity when he attempted to accompany another employee to an AIB interview on June 15, 2018, and when he contacted the agency's Office of the Inspector General (OIG) hotline on October 11, 2018, alleging that the agency had been training its employees on "how to avoid whistleblowing laws" and "persecute whistleblowers." IAF, Tab 4 at 51, 120-21, 123, Tab 8 at 21-23, Tab 31. The administrative judge also considered as potential whistleblowing disclosures emails in which the appellant raised complaints about his work environment and safety, including claims that he had been provided inadequate cleaning supplies and had not been supplied safety shoes, that a customer threw a heavy metal object at him, and that other agency employees failed to adequately provide coverage or clean required areas

of the agency's facilities. IAF, Tab 9 at 6-7, 14-15, Tab 10 at 15-20. The administrative judge found that the appellant's emails about his lack of safety shoes and the inadequate coverage and insufficient cleaning at agency facilities were vague, conclusory, and unsupported, and lacked sufficient detail to evidence wrongdoing under 5 U.S.C. § 2302(b)(8). ID at 44-45. She concluded that, other than his complaint to OIG, the appellant failed to establish that he made protected disclosures or engaged in protected activity. ID at 43-45. On review, the appellant generally reasserts that he engaged in protected whistleblowing activity in connection with his unsuccessful effort to attend an AIB interview on June 15, 2018. PFR File, Tab 1 at 2.

The administrative judge considered the appellant's claim that he attempted to accompany another agency employee to an AIB interview in addressing specification 4 of the conduct unbecoming charge and specification 1 of the AWOL charge. ID at 9-14. However, she did not consider this claim as a potential affirmative defense of retaliation for activity protected under 5 U.S.C. § 2302(b)(9)(B), nor did she apprise the appellant of his burden of establishing such a claim. ID at 9-14. Therefore, we address this potential protected activity here.

Under 5 U.S.C. § 2302(b)(9)(B), protected activity includes "testifying for or otherwise lawfully assisting any individual in the exercise" of any appeal, complaint, or grievance right. 5 U.S.C. § 2302(b)(9)(A)-(B); *McCray v. Department of the Army*, 2023 MSPB 10, ¶ 23. As the administrative judge observed, although the appellant attempted to accompany the employee during his AIB interview, he was not assisting or representing the employee as a union representative or in any other capacity. ID at 9-11; IAF, Tab 4 at 50-51, 120, 123, Tabs 8-9, 31. Nor was the employee's participation in an AIB investigation the exercise of an appeal, complaint, or grievance right. *Graves v. Department of Veterans Affairs,* 123 M.S.P.R. 434, ¶¶ 14-19 (2016). We therefore agree find

that the appellant's activity in the regard was not protected under the Whistleblower Protection Act.

> *On remand, the administrative judge must consider whether the appellant established that his OIG complaint was a contributing factor in his removal by means other than the knowledge/timing test.*

To prove that whistleblowing activity was a contributing factor in a personnel action, an appellant need only demonstrate that the protected activity was one of the factors that tended to affect the personnel action in any way. *Ayers*, 123 M.S.P.R. 11, ¶ 25; *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). The most common way of proving contributing factor is the knowledge/timing test of 5 U.S.C. § 1221(e)(1). *See Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd per curiam*, 353 F. App'x 435 (Fed. Cir. 2009). Under that test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action knew of the activity and that the personnel action occurred within a period of time such that a reasonable person could infer that the activity was a contributing factor in the personnel action. *Wadhwa*, 110 M.S.P.R. 615, ¶ 12. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not prove contributing factor under the knowledge/timing test. ID at 45-46.

However, the Board has held that the knowledge/timing test is not the only way an appellant can establish that his protected activity was a contributing factor in the agency's personnel action. If an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013); *Dorney*, 117 M.S.P.R. 480, ¶ 15 (2012). These

factors are a nonexhaustive list of the types of evidence that may be relevant to a contributing factor determination. *See Dorney*, 117 M.S.P.R. 480, ¶15 (reflecting that the listed factors are the types of factors to be considered). The administrative judge did not address the factors set forth in *Dorney*. Therefore, we must remand this issue for a determination.

The administrative judge who oversaw the proceedings below and issued the initial decision is no longer employed by the Board. When there is conflicting testimony on a material issue, and a new administrative judge will decide the case, the testimony should be heard again to permit her to make credibility determinations based on witness demeanor. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 24. On remand, the assigned administrative judge must reconsider whether the appellant has established that his protected activity of filing an OIG complaint was a contributing factor in the removal action based on the considerations set forth in *Dorney*, 117 M.S.P.R. 480, ¶ 15. In doing so, the administrative judge should permit the parties to submit evidence and argument and hold a supplemental hearing on the issue. *Lin*, 2023 MSPB 2, ¶ 24. If, after conducting this analysis, the administrative judge finds that the appellant has proven contributing factor, then the administrative judge must proceed to determining whether the agency has proven by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosures. *See Ayers*, 123 M.S.P.R. 11, ¶¶ 12, 27.

We remain the appeal for further adjudication consistent with *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16.

The deciding official sustained the appellant's removal based on his conclusion that substantial evidence supported the charges. IAF, Tab 4 at 30. After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued its decision in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), in which it determined that the agency erred by applying a substantial evidence burden of

proof to its internal review of a disciplinary action taken under 38 U.S.C. § 714.[4] Substantial evidence is the standard of review to be applied by the Board, not the agency; an agency's deciding official must apply the preponderance of the evidence burden of proof. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 21 (citing *Rodriguez*, 8 F.4th at 1298-1301). The Board analyzes under a harmful error standard a deciding official's review of a proposed action for substantial evidence. *Semenov*, 2023 MSPB 16, ¶¶ 22-24.

As previously noted, the decision letter states that the deciding official sustained the appellant's removal based on his conclusion that the charges were supported by substantial evidence. IAF, Tab 4 at 30. During the hearing, neither party elicited any clarifying testimony concerning the burden of proof that the deciding official applied in sustaining the charges. IAF, Tabs 44-8 to 44-9, Hearing Recording (testimony of the deciding official). The administrative judge and the parties did not have the benefit of *Rodriguez*, and they were therefore unable to address its impact on this appeal. Accordingly, we remand this case for the assigned administrative judge to decide whether the agency's apparent error in applying the substantial evidence burden of proof was harmful. On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument, including holding a supplemental hearing and addressing whether the agency's use of the substantial evidence standard in the removal decision constituted harmful error. *Semenov*, 2023 MSPB 16, ¶ 24. The administrative judge should then address this affirmative defense in the remand initial decision. *Id.* Regardless of whether the appellant proves harmful error in the agency's application of the substantial evidence burden of proof in the removal decision, if any argument or evidence on remand affects the analysis of

---

[4] The VA Accountability Act was signed into law on June 23, 2017, prior to all of the events at issue in this appeal, and so retroactivity considerations are not implicated here. *See Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1374, 1380-82 (Fed. Cir. 2020) (concluding that applying 38 U.S.C. § 714 to conduct that occurred prior to its June 23, 2017 enactment would have an impermissible retroactive effect).

the appellant's affirmative defenses or the agency's penalty, the administrative judge should address such argument or evidence in the remand initial decision. *Id.*, ¶ 25.

<u>On remand, the administrative judge should review the agency's selected penalty of removal under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).</u>

The administrative judge did not review the reasonableness of the agency's penalty. Rather, she concluded that the Board lacked the authority to mitigate the agency's chosen penalty in actions taken under 38 U.S.C. § 714 and that the *Douglas* factors were immaterial in appeals of such actions. ID at 45-47. After the initial decision was issued, the Federal Circuit held in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), that the agency and the Board must consider and apply the nonexhaustive factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), to its review of an agency's penalty selection under 38 U.S.C. § 714. *See Semenov*, 2023 MSPB 16, ¶¶ 44-49 (citing *Connor*, 8 F.4th at 1325-26). The court held that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor*, 8 F.4th at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that, "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings")).

The administrative judge and the parties did not have the benefit of *Connor* and therefore were unable to address its impact on this appeal. As the administrative judge noted in the initial decision, the deciding official appears to have indicated in his testimony that he considered at least some of the relevant *Douglas* factors in deciding to sustain the removal action, including the

appellant's past work record and length of service, his prior disciplinary record, and his rehabilitative potential. ID at 47 n.11; IAF, Tab 44-8, Hearing Recording (testimony of the deciding official). However, he did not explain the weight he gave to these factors or indicate that he considered any other relevant *Douglas* factors. Thus, the record is unclear as to whether he properly considered the *Douglas* factors in deciding to remove the appellant. Accordingly, we must remand for further adjudication of this issue.

On remand, the assigned administrative judge should permit the parties to submit additional evidence and argument on the penalty issue, including accepting testimony on this issue at the supplemental hearing. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the relevant *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *Id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-76, 1379 (Fed. Cir. 2020)).

**ORDER**

For the reasons discussed above, we vacate the initial decision and remand this appeal to the Western Regional Office for further adjudication in accordance with this Remand Order. As outlined above, the assigned administrative judge will allow for further development of the record on the appellant's whistleblower defense, the harmful error issue, and the issue of penalty. The administrative judge shall then issue a new initial decision addressing these matters. The administrative judge may incorporate into the remand decision the remaining findings, as modified above, into the remand initial decision.

FOR THE BOARD:                         *Gina K. Grippando*
                                       _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.