NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3021

DANNY WILLIAMS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Michael J. Snider, Snider & Associates, LLC, of Baltimore, Maryland, for petitioner.  With him on the brief was Jacob Y. Statman.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from:  Arbitrator Decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3021

DANNY WILLIAMS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of an arbitrator's decision by William Croasdale.

_____

DECIDED: November 24, 2008
_____

Before MAYER, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Danny Williams petitions for review of an arbitrator's decision and award denying his grievance relating to his termination as a civilian medical support assistant for the U.S. Army. We <u>affirm</u>.

## BACKGROUND

Williams, a bargaining unit member of the American Federation of Government Employees Local 1770, was terminated as a medical support assistant after 19 years of service for attendance failures that became more frequent near the end of his tenure. He received escalating penalties for failure to comply with leave requirements and

alleged abuse of sick leave. He received a notice of reprimand in 2001 for failure to follow proper leave request procedures, three letters of requirement for abuse of sick leave in 2000 and 2003, and an official warning for unacceptable attendance in 2005. After this warning, he received an additional letter of requirement on March 13, 2006, noting that the pattern of abuse still existed, in that most of his sick leave days were taken consecutively with a weekend or a holiday. The letter of requirement required that he furnish an acceptable medical certificate for each absence chargeable to sick leave.

Williams argued before the arbitrator that the 2006 letter of requirement and some of the subsequent discipline were issued by a Dalicia Hunter, another clinic worker. Her supervisor, Sheri Lasater, the Health Systems Specialist and a non-bargaining unit employee, temporarily promoted her to the recently vacated Supervisory Medical Clerk position for a term of 120 days. Thirty days into her promotion, Lasater was alerted that Hunter could not be temporarily promoted because there were higher ranking employees within the organization. In response, Lasater rescinded the temporary promotion but gave Hunter a detail setting out extra duties, including duties to oversee the work flow of the clinic and counsel and train its employees, while a permanent replacement was found. Hunter served in this detail from January 3, 2006, to June 25, 2006, part of the time within which Williams was disciplined for absence. Though Lasater believed that Hunter's promotion triggered a change in her status to non-bargaining unit employee, she in fact remained a bargaining unit employee at all times before and during her promotion according to personnel records.

Hunter anticipated that Williams could have a problematic attendance record, and kept track of when he was absent, the reasons for his absence, and whether he properly requested leave. She noted that Williams gave a variety of reasons for his absences as they occurred, but also noted that sometimes he failed to report his absence or offer any explanation at all. After counseling him of his duties and continued absence, Hunter eventually issued the March 2006 letter of requirements, and simultaneously proposed a seven day suspension. The proposed suspension charged that he had been absent without leave (AWOL) for four days, and that he failed to follow established leave procedures for those four days. Lasater suspended Williams according to Hunter's proposal on April 11, 2006.

Subsequently, and while Hunter was still acting under the detail, Williams continued to exhibit poor attendance, missing thirteen days in May, and four days in June, not including his inpatient stay at a rehabilitation facility. His reasons included having an appointment with the Veterans Administration, bronchitis, oversleeping, lacking transportation, and attendance at Employee Assistance Program meetings which Hunter confirmed were not actually attended. Hunter also documented that several of these days Williams neither arrived at work nor called at all to explain his absence. He did not provide medical documentation, nor did he submit a leave request form for any of these absences.

On June 27, 2006, after Hunter's detail ended, Lasater herself issued a notice of proposed removal charging failure to follow instructions by not providing an acceptable medical certificate explaining his absence, fifteen individual episodes of AWOL, and failure to follow established leave procedures. The notice stated that it was in

consideration of the 2005 notice of reprimand, and the 2006 seven day suspension, the latter having been based upon the letter of requirement issued during Hunter's detail.

Lasater held a meeting with the deciding official Maj. Sonya Shaw and Williams' union representative Jay Steele to consider the proposal. Maj. Shaw considered the escalating discipline given to Williams and the effect of his absences on his organization, as well as the long standing pattern of absenteeism. She decided that, while the offenses warranted punishment in the range of five days to removal, she should remove Williams because the previous reprimand and suspension had not brought about better attendance.

The American Federation of Government Employees filed a grievance on Williams' behalf, and sought arbitration. There, they argued that he was improperly removed because the underlying discipline used to support his removal was invalid in that it was issued by another bargaining unit employee, and that the charged AWOL used to support his removal should have been classified as Family Medical Leave Act ("FMLA") leave. The arbitrator concluded:

> Examined from the standpoint of progressive discipline, the grievant received numerous forms of discipline attempting to modify absence and conduct, ranging from counseling to a Letter of Reprimand, [and] four Letters of Requirement. These were followed by a seven day suspension, Notice of Proposed Removal, and Notice of Decision-Removal.
> Clearly, the grievant has had an abundance of opportunity to make changes. Although a bargaining unit member acting in this case may have suggested discipline, only supervisors are authorized to order discipline. All prior warnings, the suspension and the termination were done by authorized supervisory personnel. Thus, the grievance is denied.

We have jurisdiction pursuant to 5 U.S.C. §§ 7121(f), 7703(a)(1), and 7703(b)(1).

DISCUSSION

Our review of arbitrator decisions is narrow. We review them under the same standards that apply to appeals from decisions of the Merit Systems Protection Board. See 5 U.S.C. § 7121(f); Dixon v. Dep't of Transp., 8 F.3d 798, 803 (Fed. Cir. 1993). We must affirm the arbitrator's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. Nat'l Labor Relations Bd., 305 U.S. 197, 229 (1938).

Williams argues that pursuant to 5 U.S.C. § 7112(b), a bargaining unit shall not be organized if it includes, subject to certain conditions, any management official or supervisor. Therefore, he contends, bargaining unit employees cannot serve as supervisors. He also argues that the National Agreement requires that letters of requirement must be issued to an employee by the "Employer," and not another employee. He contends that because Hunter was a bargaining unit employee when she issued the 2006 letter of requirement and his AWOL, and not an "Employer," this discipline was invalid ab initio. However, the discipline was not issued by Hunter, but by Maj. Shaw, a non-bargaining unit employee, after Lasater, another non-bargaining unit employee suspended Williams in April and proposed his removal in June. As the arbitrator found, all discipline came from non-bargaining unit employees with only the suggestion from Hunter. The arbitrator found that additional support for Williams' removal came from the 2005 notice of reprimand issued by Glenda Lindsay, another

person Williams concedes was authorized to issue discipline against him. There is therefore adequate support from the actions of undisputedly authorized persons for the arbitrator to conclude that Williams could be terminated. The arbitrator committed no reversible error.

Williams also argues that his AWOL should not have been charged, and that he should have been offered FMLA leave instead. The arbitrator appears not to have directly addressed whether FMLA could or should have affected the decision to remove. However, this omission is irrelevant because, as the government correctly states, it is incumbent upon the employee to request FMLA leave pursuant to 5 C.F.R. §§ 630.1203, 630.1206, and 630.1207. The arbitrator found that Williams failed to provide notice as required no less than 30 days prior to a foreseeable leave, or within a reasonable time if the circumstances requiring leave are emergent. See 5 C.F.R. § 630.1206. He also failed to provide required medical documentation. See Id. § 630.1207. Importantly, "an employee may not retroactively invoke his or her entitlement to family and medical leave," except when the employee was physically or mentally incapable of invoking the entitlement during the entire period of absence. Id. § 630.1203(b). In such case, he must invoke FMLA within two workdays of returning. Substantial evidence shows that Williams did not present a non-frivolous invocation of FMLA before the fact, and was not entitled to it after the fact. There is no reversible error in the arbitrator's decision to deny the grievance. We have considered Williams' other arguments and find them unpersuasive.