# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2026 MSPB 2

Docket No. AT-0752-21-0619-I-2

**John Brandon Bushkell,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

March 17, 2026

Kerry E. Knox, Esquire, Murfreesboro, Tennessee, for the appellant.

Chad Y. Tang, Esquire, Drew Ambrose, and Monica Hansen, Washington, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the petition for review, DENY the cross petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication in accordance with this Opinion and Order.

## BACKGROUND

¶2 The appellant was employed as a GS-13 Special Agent at the agency's Federal Bureau of Investigations (FBI) in its Memphis Field Office,

Nashville Resident Agency. *Bushkell v. Department of Justice*, MSPB Docket No. AT-0752-21-0619-I-1, Initial Appeal File (IAF), Tab 1 at 1, Tab 8 at 37, 127. Effective August 24, 2021, the agency removed him for being absent without leave (AWOL) from March 15 through May 28, 2021. IAF, Tab 8 at 37-41, 59-62.

¶3 Prior to this period, from August 17, 2020, through January 3, 2021, the appellant was absent from work due to a job-related neck injury. IAF, Tab 8 at 54, 161-66; *Bushkell v. Department of Justice*, MSPB Docket No. AT-0752-21-0619-I-2, Appeal File (I-2 AF), Tab 8 at 12, Tab 16-1, Hearing Recording, Part 1 (HR-1) at 9:20 (testimony of the appellant's supervisor), Tab 16-4, Hearing Recording, Part 4 (HR-4) at 19:36 (testimony of the appellant). The appellant's doctor released him to return to "full time full duty work on January 4, 2021." I-2 AF, Tab 8 at 12-13; HR-1 at 9:43-10:33 (testimony of the appellant's supervisor). On January 6, 2021, the appellant's next scheduled workday, he sought medical treatment at an emergency room for what was diagnosed at the time as lumbar radiculopathy. IAF, Tab 8 at 165; I-2 AF, Tab 11 at 21; HR-4 at 19:40 (testimony of the appellant). From January 6 to March 12, 2021, the appellant took 384 hours of leave without pay (LWOP) in lieu of sick leave. IAF, Tab 8 at 165-66. The Office of Workers' Compensation Programs (OWCP) ultimately determined that the January 6, 2021 injury was not work related. IAF, Tab 8 at 153-54; I-2 AF, Tab 11 at 30.

¶4 In March 2021, the appellant's supervisor learned that the appellant had been cleared to return to work on January 4, 2021, by the doctor treating his on-the-job neck injury. HR-1 at 10:00-10:33 (testimony of the appellant's supervisor). On March 12, 2021, the supervisor sent the appellant an email directing him to return to work on March 15, 2021. IAF, Tab 8 at 130. The email warned that the appellant would "be charged [AWOL] for absences that are unexcused, lack administratively acceptable documentation, or . . . [for which the appellant did] not have enough leave." *Id.* The supervisor notified the appellant

that he had 240 hours of accrued annual leave and 146 hours and 45 minutes of accrued sick leave. *Id.*

¶5 On March 14, 2021, the appellant responded that he had "a note from [his] doctor not to return to work until [he was] cleared," that he had a doctor's appointment scheduled on April 2, 2021, that he was still pursuing his workers' compensation claim for his lumbar condition, and that he would like to use sick leave "until this matter is resolved." *Id.* at 129-30. His supervisor replied that day informing the appellant that the agency had not received any medical documentation. *Id.* at 129.

¶6 On March 22, 2021, the Regional Program Manager (RPM) from the FBI's Medical Operations and Readiness Unit (MORU) sent an email to the appellant again stating that the agency had not received medical documentation from him for his current absence. *Id.* at 121, 134. The RPM instructed the appellant that such documentation must include certain details such as his diagnosis and prognosis and workplace limitations. *Id.* at 134. She requested that his practitioner provide the information on an FBI form FD-948, Certificate of Essential Duty Status (FD-948). *Id.*; I-2 AF, Tab 7 at 28.

¶7 On April 5, 2021, the appellant submitted four FD-948s to the MORU dated January 8, February 5, March 5, and April 2, 2021, which collectively stated that he should remain completely off work from January 8 through May 7, 2021. I-2 AF, Tab 8 at 17, 20-23. On April 7, 2021, the RPM provided the appellant with a letter stating that the FD-948s he had submitted on April 5th were administratively unacceptable because his doctor had not provided information regarding the appellant's ICD code, diagnosis, prognosis, restrictions, and estimated return to work date.[1] IAF, Tab 8 at 136-37; I-2 AF, Tab 8 at 20-23.

---

[1] The parties have not explained what an "ICD code" is. However, in context, we assume that it refers to an International Classification of Diseases code. World Health Organization, International Statistical Classification of Diseases and Related Health Problems (ICD), https://www.who.int/standards/classifications/classification-of-diseases#:~:text=International%20Statistical%20Classification%20of%20Diseases%20a

She directed the appellant to resubmit fully completed FD-948s from his doctor immediately. IAF, Tab 8 at 137.

¶8      On April 9, 2021, the appellant returned to the RPM her April 7, 2021 letter inscribed with a handwritten note from the appellant's doctor dated April 8, 2021. I-2 AF, Tab 8 at 25-27. The doctor's note contained the ICD code, diagnosis of a herniated disk with foraminal stenosis, prognosis, and restrictions. *Id.* at 26-27. The doctor estimated a "return to regular duty work" in 3 months. *Id.* at 26. The note was signed and dated by the appellant's physician on April 8, 2021. *Id.* The appellant also resubmitted his April 5th FD-948s, with the information contained in the physician's April 8th note handwritten onto the FD-948s by his spouse. *Id*. at 28-31, 156. On April 23, 2021, the RPM emailed the appellant again notifying him that his FD-948s submitted on April 9th were not administratively acceptable because they identified a different diagnosis, i.e., the appellant's lumbar diagnosis, rather than the diagnosis identified "in the original case," apparently referring to his prior on-the-job neck injury. *Id*. at 39. She directed the appellant to submit an updated FD-948, completed and signed by his physician, for his lumbar diagnosis. *Id.*

¶9      The appellant emailed his supervisor on May 7, 2021, that he would be "off work for an indefinite amount of time" for a "referral and some other matters." IAF, Tab 8 at 138. In his email response, the supervisor reminded the appellant that "all previous leave guidance remains for each work day away." *Id.* The agency removed the appellant, effective August 24, 2021, on the basis that he was AWOL between March 15 and May 28, 2021, totaling 440 hours. *Id.* at 37-40, 59. The agency divided its AWOL charge into four specifications, as follows: (1) March 15 to 19, 2021; (2) March 22 to April 2, 2021; (3) April 5 to May 14, 2021; and (4) May 17 to 28, 2021. *Id.* at 38, 59.

---

nd%20Related%20Health%20Problems%20(ICD)&text=ICD%20serves%20a%20broad %20range,and%20coded%20with%20the%20ICD (last visited Mar. 13, 2026); *see* 5 C.F.R. § 1201.64 (authorizing the Board and its administrative judges to take official notice of matters of common knowledge or matters that can be verified).

¶10 After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the removal. IAF, Tab 1 at 2; I-2 AF, Tab 18, Initial Decision (I-2 ID) at 1, 13. He did not sustain the first two specifications, i.e., the AWOL charges from March 15 to April 2, 2021. I-2 ID at 6. He nevertheless sustained the charge of AWOL, finding that the agency proved the remaining two specifications covering the dates from April 5 to May 28, 2021. I-2 ID at 6-7.

¶11 The administrative judge also found that the appellant failed to prove his affirmative defense of disability discrimination based on failure to provide reasonable accommodation or disparate treatment. I-2 ID at 7-10. He determined that the agency established a nexus between the appellant's misconduct and the efficiency of the service. I-2 ID at 10-11. Lastly, he determined that the deciding official properly considered the relevant mitigating and aggravating factors and that the penalty of removal was within the tolerable limits of reasonableness. I-2 ID at 11-12.

¶12 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response and cross petition for review, to which the appellant responded.[2] PFR File, Tabs 3, 6.

## ANALYSIS

### The agency proved the appellant was AWOL from approximately April 9, 2021, to May 28, 2021.

¶13 To prove an AWOL charge, an agency must show that an employee was absent without authorization and, if the employee requested leave, that the request was properly denied. *Wilson v. Small Business Administration*,

---

[2] At the time, the Board's regulation expressly allowed a party to file a cross petition for review. 5 C.F.R. § 1201.114(a) (2023). The Board revised this regulation, effective October 7, 2024, eliminating the option of filing a cross petition for review but allowing both parties to file a petition for review. Organization and Procedures, 89 Fed. Reg. 72957, 72959, 72962-63 (Sep. 9, 2024) (codified in relevant part at 5 C.F.R. § 1201.114(a)). We have considered all of the parties' pleadings on review.

2024 MSPB 3, ¶ 7. The parties do not dispute that the appellant was absent without authorization from March 15 to May 28, 2021, the dates at issue in his removal. The agency's timekeeping summary of the appellant's leave usage reflects that he was charged 440 hours of AWOL during those dates. IAF, Tab 8 at 166-69. However, the parties disagree as to whether the agency properly denied his request to use sick leave. PFR File, Tab 1 at 4-6, Tab 3 at 6-10, Tab 6.

¶14 An AWOL charge will not be sustained if an employee presents administratively acceptable evidence showing that he was incapacitated for duty during the relevant time period, and he has sufficient sick leave to cover the period of absence. *Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶ 5 (2010); *Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 9 (2007); *see* 5 C.F.R. § 630.405(a)-(b) (indicating that an agency may deny a request for sick leave when an employee fails to provide properly requested administratively acceptable evidence). On March 14, 2021, the day prior to the beginning of the absence at issue in the appellant's removal, he requested to use sick leave pending OWCP's decision on his appeal of its determination that he did not suffer an on-the-job injury on January 6, 2021. IAF, Tab 8 at 129-30. At the time his absence began, the appellant had approximately 146 hours and 45 minutes of accrued sick leave, which would have covered his absence through the morning of April 8, 2021. IAF, Tab 8 at 127.

¶15 The administrative judge found that the agency improperly denied the appellant's sick leave request because the RPM could not identify any information that was lacking in the medical documentation the appellant submitted on April 9, 2021. I-2 ID at 6. We agree. The appellant's signed medical note dated April 8, 2021, contained an ICD code, his diagnosis, his "[g]ood prognosis for a full recovery," his restrictions, and his estimated return to work in 3 months. I-2 AF, Tab 8 at 26-27. The appellant also submitted FD-948s

signed by the same physician and certifying that the appellant was "off work" beginning on January 8, 2021.[3] *Id.* at 20-23.

¶16    To the extent that the administrative judge suggested that the agency properly rejected medical documentation at some point in April 2021 because the documentation was not submitted on FD-948s, we do not agree. I-2 ID at 6-7. An agency cannot rest an AWOL charge solely on an employee's failure to submit medical documentation on a particular form. If the employee has sufficient sick leave to cover the period in question, the agency must grant the request when the employee provides administratively acceptable evidence of incapacitation because of illness or injury and may not charge him with AWOL for the period, regardless of whether the employee has complied with applicable leave procedures. *Wesley v. U.S. Postal Service*, 94 M.S.P.R. 277, ¶ 18 (2003); *see* 5 C.F.R. §§ 630.201 (defining a "medical certificate" for purposes of annual and sick leave to include a practitioner's "written statement . . . certifying to the incapacitation"), 630.401(a)(2) (mandating that an agency "grant sick leave" when an employee is medically incapacitated), 630.405(a) (providing that an agency "may . . . require a medical certificate or other administratively acceptable evidence" before granting sick leave). Regardless of its format, the appellant's medical documentation was administratively acceptable, and the agency was required to allow him to use his accrued sick leave. *See Riley v. Department of the Army*, 53 M.S.P.R. 683, 690 (1992) (finding that an appellant's physician's certificate constituted administratively acceptable evidence when it contained a description of her medical condition and the period that she was on bed rest and unable to work). Accordingly, we find that the appellant should have been approved for 146 hours and 45 minutes of sick leave during the period at issue in the AWOL charge.

---

[3] In assessing this medical evidence, we have not considered the appellant's wife's handwritten annotations on the FD-948s. I-2 AF, Tab 8 at 28-31, 156.

¶17    We do not agree with the administrative judge's determination that April 2, 2021, was the last date on which the agency improperly denied the appellant's request for sick leave. I-2 ID at 7. The only significance April 2, 2021, has in this appeal is that it is the last date covered under the second specification of the charge. IAF, Tab 8 at 38. As noted above, the appellant's accrued sick leave covered his absence through the morning of April 8, 2021. The appellant was also entitled to accrue additional sick leave at the rate of 4 hours at the end of each pay period during which he was in a pay status. 5 U.S.C. § 6307(a); *Ringo v. Department of Defense*, 122 M.S.P.R. 91, ¶¶ 5, 7 (2015); 5 C.F.R. § 630.202(a). We need not resolve precisely the length of the appellant's absence that would have been covered by his accrued sick leave. But we observe that the period for which the agency improperly denied him sick leave extended through approximately April 9, 2021.

¶18    Regardless of how the agency divided up the specifications in its charge, the remaining AWOL period was over 280 hours. When more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). As discussed below, the agency proved the appellant was AWOL beginning around April 9, 2021, and therefore proved its charge.

¶19    We now turn to the period beginning around April 9, 2021, when the appellant's sick leave would have run out had it properly been granted. The appellant argues on review that the medical documentation discussed above, which certified his incapacitation through April 9, 2021, also covered his remaining absence. PFR File, Tab 1 at 5-6. However, an agency is not required to prove that it properly denied leave that was not requested. *Wilson*, 2024 MSPB 3, ¶ 7. The appellant only requested to use sick leave and, as explained, his accrued sick leave expired around April 9, 2021. I-2 AF, Tab 8 at 161, 168. The appellant never requested to use any other type of leave. *Id.* An employee has

the primary responsibility for requesting leave. *Hartigan v. Veterans Administration*, 39 M.S.P.R. 613, 619 (1989); *Cresson v. Department of the Air Force*, 33 M.S.P.R. 178, 181-82 (1987). He is also responsible for ascertaining whether his leave requests are approved. *Johnson v. General Services Administration*, 46 M.S.P.R. 630, 634, *aff'd per curiam*, 944 F.2d 913 (Fed. Cir. 1991) (Table).

¶20 According to the appellant, he assumed his sick leave was being approved. I-2 AF, Tab 8 at 157-59, 161. He testified that he did not learn that the agency considered him to be AWOL until July 1, 2021, when he received the notice of proposed removal. HR-4 at 40:46 (testimony of the appellant); IAF, Tab 8 at 62. He never inquired as to his leave status even though he was unpaid during his over 2-month absence. I-2 AF, Tab 8 at 168. When his accrued sick leave was due to be exhausted around April 9, 2021, he did not request annual leave because he believed that OWCP would eventually determine that his absence was due to an on-the-job injury. *Id.* The appellant's absence was without leave, and he is responsible for his failure to ensure that it was approved. Further, the appellant's supervisor advised him on March 14, 2021, the day before the agency designated the appellant as AWOL, that OWCP had not accepted his workers' compensation claim. I-2 AF, Tab 11 at 30. Thus, like the administrative judge, we find that the agency proved its AWOL charge. However, we do so based on our reasoning above rather than the reasoning set forth in the initial decision.

The appellant was not entitled to retroactively invoke Family and Medical Leave Act of 1993 (FMLA) protection for his leave.

¶21 In the appellant's initial appeal, he alleged that the AWOL charge should not be sustained because he was entitled to FMLA-protected leave. IAF, Tab 1 at 5. When FMLA is implicated relative to an AWOL charge, the agency must prove that it complied with FMLA as part of its overall burden of proving the charge. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 73-74 (1997).

However, the administrative judge did not identify the agency's burden at any point throughout the appeal. He also did not make a finding as to whether the agency complied with FMLA in sustaining the AWOL charge. We find that the appellant's absence was not protected under FMLA.

¶22 The appellant, like most non-postal Federal employees, was covered under Title II of FMLA. *Williams v. Department of Commerce*, 2024 MSPB 8, ¶ 14; *see* FMLA, Pub. L. No. 103-3, § 201(a)(1), 107 Stat. 6, 19 (codified as amended, in pertinent part, at 5 U.S.C. § 6381(1)(A), which incorporates the definitions of "employee" under Title II of the FMLA from 5 U.S.C. § 6301(2) (generally including in the definition of "employee" an individual under 5 U.S.C. § 2105 (defining "employee" to include most civil service appointees))). Under Title II, an eligible employee is "entitled to a total of 12 administrative workweeks of leave during any 12-month period" for, as relevant here, "a serious health condition that makes the employee unable to perform the functions of the employee's position." 5 U.S.C. § 6382(a)(1)(D); *Landahl v. Department of Commerce*, 83 M.S.P.R. 40, ¶ 8 (1999).

¶23 The Board has held in the past that an employee is not required to specifically invoke FMLA when requesting leave, so long as he presents the agency with sufficient evidence to trigger consideration of his absence under FMLA. *Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 8 (2009), *aff'd per curiam*, 402 F. App'x 521 (Fed. Cir. 2010); *Covington v. Department of the Army*, 85 M.S.P.R. 612, ¶ 13 (2000); *Landahl*, 83 M.S.P.R. 40, ¶ 9; *Burge v. Department of the Air Force*, 82 M.S.P.R. 75, ¶ 14 (1999); *Jefferies v. Department of the Navy*, 78 M.S.P.R. 255, 260 (1998); *Gross v. Department of Justice*, 77 M.S.P.R. 83, 88 (1997); *Ellshoff*, 76 M.S.P.R. at 76. This holding is incorrect.

¶24 The statute provides that an employee typically "shall provide the employing agency with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention" to take FMLA leave. 5 U.S.C.

§ 6382(a)(1), (e).  Further, under regulations issued by the Office of Personnel Management implementing Title II of FMLA, an employee is responsible for invoking his entitlement to FMLA leave unless he and his personal representative are medically unable to do so.  5 C.F.R. § 630.1203(b).  An employee may not retroactively invoke his entitlement to FMLA-protected leave.  *Id.*  The U.S. Court of Appeals for the Federal Circuit has cited 5 C.F.R. § 630.1203(b) for the propositions that a Federal employee must invoke his entitlement to FMLA and that an employee may not do so retroactively, unless the employee was medically incapable of invoking his entitlement during the entire period of his absence, in which case the employee must invoke within 2 workdays of his return.  *Williams v. Department of the Army*, 300 F. App'x 920, 923 (Fed. Cir. 2008);[4] *see also Crutchfield v. Department of the Navy*, 73 M.S.P.R.  444, 447 n.3 (1997) (recognizing that 5 C.F.R. § 630.1203(b) provides that an employee must invoke his entitlement to FMLA leave).  Therefore, we find that an employee covered by Title II of FMLA must expressly invoke FMLA when requesting leave and may not retroactively designate leave as FMLA protected unless the employee and his personal representative are medically unable to do so.  We overrule prior Board cases to the extent that they state otherwise.

¶25    Turning to the facts here, we find that the agency was not required to designate any portion of the appellant's absence as FMLA protected because the appellant did not invoke FMLA in his communications with his supervisor.  On March 14, 2021, after the appellant was notified that OWCP considered him to be recovered from his neck injury and that he had to return to work, he informed his supervisor that he was not medically cleared to work and requested leave.  IAF, Tab 8 at 129-30.  The appellant was aware of his entitlement to FMLA-protected leave, but he did not invoke it.  IAF, Tab 8 at 92; I-2 AF, Tab 8 at 138, 161.

---

[4] The Board may rely on unpublished decisions of the Federal Circuit if it finds the court's reasoning persuasive, as we do here.  *Jennings v. Social Security Administration*, 123 M.S.P.R. 557, ¶ 25 n.2 (2016).

Thus, the agency was not required to designate the appellant's absence as FMLA protected.

Remand is necessary in order for the administrative judge to adjudicate the appellant's affirmative defense of disability discrimination based on a denial of reasonable accommodation.

¶26    The administrative judge found that the appellant failed to establish his affirmative defense of disability discrimination based on disparate treatment or a denial of reasonable accommodation.  I-2 ID at 9-10.  The parties do not disagree with these determinations on review.  We decline to disturb this finding as it concerns the appellant's disparate treatment claim.  We also discern no basis to disturb the administrative judge's unchallenged determination that the appellant did not request to return to work with accommodations.  I-2 AF, Tab 8 at 151, 166, Tab 16-5, Hearing Recording, Part 5 at 27:00 (testimony of the appellant).  However, we find that the appellant's March 14, 2021 request for sick leave due to his medical condition constituted a reasonable accommodation request.

¶27    Allowing an employee to use accrued or unpaid leave is a form of reasonable accommodation.  *Josefina L. v. Department of Veterans Affairs*, EEOC Appeal No. 2021003613, 2023 WL 2660688, *3 (Mar. 15, 2023); Equal Employment Opportunity Commission, Employer-Provided Leave and the Americans with Disabilities Act, Granting Leave as a Reasonable Accommodation (May 9, 2016), https://www.eeoc.gov/laws/guidance/employer-provided-leave-and-americans-disabilities-act.[5]    On March 14, 2021, upon receiving his supervisor's email directing the appellant to return to work, the appellant informed his supervisor that he had "a note from [his] doctor not to return to work until I am cleared."  IAF, Tab 8 at 130.  He advised his supervisor that he wished to take sick leave "until this matter is resolved."  *Id*. at 129.  The

---

[5] We defer to the Equal Employment Opportunity Commission on this matter of substantive discrimination law.  *Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 14.

administrative judge erred by not considering this request for leave as a request for a reasonable accommodation.

¶28 On remand, the administrative judge must reevaluate the appellant's affirmative defense of disability discrimination based on the denial of the appellant's request to use sick leave, including determining in the first instance whether the appellant was a qualified individual with a disability. *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 37. The administrative judge who oversaw the proceedings below and issued the initial decision is no longer employed by the Board. When there is conflicting testimony on a material issue, and a new administrative judge will decide the case, the testimony should be heard again to permit the administrative judge to make credibility determinations based on witness demeanor. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 24. On remand, if the administrative judge determines that there is no such testimonial conflict, the administrative judge may make a decision regarding this claim on the written record. Otherwise, the administrative judge should hold a supplemental hearing on the issue of whether the agency denied the appellant a reasonable accommodation by failing to grant him sick leave through approximately April 9, 2021.

The penalty of removal for over 280 hours of AWOL is reasonable.

¶29 The parties do not disagree with the administrative judge's conclusion that removal was a reasonable penalty.[6] We have found that the agency proved the appellant was AWOL for more than 280 hours, even after subtracting his available sick leave.[7]

---

[6] On review, the parties do not challenge the administrative judge's finding that the agency proved nexus. I-2 ID at 10-11. We decline to revisit that finding.

[7] As discussed above, the appellant requested only to use sick leave, which would have covered his absence through approximately April 9, 2021. Therefore, he cannot prove that his AWOL after approximately that date constituted a denial of reasonable accommodation.

¶30   The administrative judge found that the deciding official properly considered all of the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and exercised management discretion within the tolerable limits of reasonableness.  I-2 ID at 12.  The deciding official considered mitigating factors, such as the appellant's two cash awards and three time-off awards, but found that they were outweighed by the aggravating factors, including the "substantial" amount of the appellant's AWOL and the seriousness of the offense, the negative effect the appellant's absences had on his office's mission, his recent unacceptable performance, and that he had been "repeatedly counseled" on medical and leave policies.  *Id.*; IAF, Tab 8 at 39.

¶31   Neither the deciding official, nor the administrative judge, specifically considered the appellant's length of service as a relevant mitigating factor.  IAF, Tab 8 at 39; I-2 ID at 12.  The Standard Form 50 in the record reflects a service computation date in September 1998.  IAF, Tab 8 at 37.  Thus, it appears the appellant had almost 22 years of service at the time of his August 2021 removal, which should have been considered mitigating.  *Halper v. U.S. Postal Service*, 91 M.S.P.R. 170, ¶¶ 8-11 (2002) (mitigating the penalty of removal to a 30-day suspension and a demotion based, in part, on an appellant's 23 1/2 years of Government service).  AWOL is a serious offense that warrants a severe penalty.  *Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 12 (2015); *see, e.g.*, *McCauley v. Department of the Interior*, 116 M.S.P.R. 484, ¶¶ 13-14 (2011) (sustaining the penalty of removal for 22 days of AWOL despite an appellant's more than 20 years of service); *Cook v. Department of the Navy*, 34 M.S.P.R. 26, 27-29 (1987) (finding removal was reasonable for 16 hours of AWOL, unauthorized use of telephone, and reading a newspaper during work hours because the appellant had a prior 45-day suspension and had been counseled about conduct and attendance expectations).  Even considering the appellant's length of service, we agree with the deciding official and the

administrative judge that removal was an appropriate penalty in light of the length of the proven AWOL.

## ORDER

¶**32** For the reasons discussed above, we vacate the initial decision and remand this case to the Atlanta Regional Office for further adjudication in accordance with this Opinion and Order. The remand initial decision should address the appellant's claim of discrimination based on the denial of a reasonable accommodation request with respect to his March 14, 2021 request for sick leave. The administrative judge may adopt the Board's findings above, regarding the charge and penalty in the remand initial decision.


*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board
Washington, D.C.