# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HEAROLD LACY SR.,
        Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DOCKET NUMBER
CH-0752-24-0103-I-1

DATE:  April 8, 2026

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stacie Shah</u>, Esquire, and <u>Christopher Forasiepi</u>, Esquire, Dallas, Texas,
   for the appellant.

<u>Shaun C. Southworth</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Laura J. Carroll</u>, Esquire, South Burlington, Vermont, for the agency.

<u>Colleen Ann Crane</u>, Esquire, Camp Springs, Maryland, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal.  On petition for review, he argues that the agency did not

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

prove its absence without leave (AWOL) and failure to follow instructions charges, and he proved his affirmative defenses of disability discrimination and reprisal for engaging in protected equal employment opportunity activity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency proved specifications 1-18 of its AWOL charge but did not prove specifications 19-23, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant joined the agency in 2005, most recently serving as a GS-1801-11 Supervisory Immigration Services Officer from 2017 until his removal in 2023. Initial Appeal File (IAF), Tab 8 at 24, Tab 44 at 109-10. The agency removed him for (1) AWOL, (2) failure to follow instructions, and (3) failure to safeguard sensitive government property. IAF, Tab 8 at 24-30, 92-98. We note that the last of these charges concerned the appellant's failure to secure U.S. Citizenship and Immigration Services sensitive stamps, a security ink pad, and a dry seal. *Id*. at 97. We further note that the deciding official indicated that this charge, alone, would have warranted the appellant's removal, especially

considering the agency's reprimand of the appellant for similar misconduct just a few months earlier. *Id.* at 24-27, 215.

The administrative judge sustained each of the charges, less some specifications, and the penalty. IAF, Tab 51, Initial Decision (ID) at 4-22, 31-38. She also found the appellant's affirmative defenses unavailing. ID at 22-31. On review, the appellant presents arguments about the first two charges and his affirmative defenses, but none specific to the third charge underlying his removal, i.e., the one the agency deemed as warranting the appellant's removal on its own. In any event, we do not find that any of the arguments the appellant has presented on review warrant a different result. As detailed below, we merely modify the initial decision to clarify which of the agency's AWOL allegations were proven and which were not.

For purposes of background to the AWOL charge, the appellant's office chair collapsed on June 3, 2022, injuring his knees. IAF, Tab 8 at 64-66. Treating clinicians diagnosed him with an aggravation of pre-existing patellofemoral joint osteoarthritis. *Id.* at 65-66. The appellant did not return to work until August 22, 2022. IAF, Tab 33 at 53.

The agency's AWOL charge consisted of 23 specifications, each concerning an individual workday between June 8, 2022, and August 2, 2022. *Id.* at 92-94. The Board has generally stated that to prove a charge of AWOL, an agency must show that the appellant was absent, and that his absence was not authorized, or that his request for leave was properly denied. *Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 7. The charge cannot be sustained if the appellant provided administratively acceptable evidence to the agency showing that he was incapacitated for the performance of his duties due to illness or injury during his absence. *See Atchley v. Department of the Army*, 46 M.S.P.R. 297, 301 (1990).

After his injury, the appellant informed his supervisor, the Branch Chief of the Customer Service Unit, on June 13, 2022, that he was off work due to a

medical condition and was waiting to see an orthopedic specialist. IAF, Tab 31 at 9. His supervisor replied later that day expressing concern that he had not been to work since June 3 even though his June 7, 2022 medical note released him to return to work. *Id.* at 4 (citing IAF, Tab 8 at 53). She instructed him to put in leave requests for June 6-14. *Id.* She stated that he would need to use his own leave until his Office of Workers' Compensation Programs (OWCP) claim was accepted. *Id.* Because his absences exceeded 3 days, she explained that he would need to submit a doctor's note to use sick leave. *Id.*

The administrative judge determined that only one of the appellant's medical notes, the July 27, 2022 note from his orthopedic specialist, addressed whether he should be excused from work. IAF, Tab 51, Initial Decision (ID) at 9-10 (citing IAF, Tab 8 at 180). That note stated, in relevant part, that "[t]his patient should be excused from attending work until 8/22/2022. Due to orthopedic reasons." IAF, Tab 8 at 180. The administrative judge interpreted this note to mean that the appellant's absences between July 27 and August 22, 2022, should be excused but those that occurred before July 27, 2022, were not excused. ID at 10.

The appellant alleges on review that this finding was not supported by his medical documentation because his medical "opinions . . . indicated that [he] required accommodations and, at times, complete excusal from duty because of his bilateral knee pain and osteoarthritis." Petition for Review (PFR) File, Tab 1 at 7. We disagree with the appellant that more than one of his medical opinions addressed whether his absence from work should be excused. The administrative judge correctly identified the only medical note in evidence addressing the topic.

By its express terms, the July 27, 2022 note from his provider, who specializes in orthopedic surgery, excused the appellant's absences until August 22, 2022. IAF, Tab 8 at 180. It was silent on whether his absences should have been excused retroactively. This provider had issued him another note 2 days earlier. The July 25, 2022 note stated that the appellant "can return to

work with restrictions of desk work, sedentary duty . . . once he has a stable, ergonomic chair available that is approved for his weight." *Id.* at 179. The provider issued a similar note on June 27, 2022. *Id.* at 48. Given that these notes indicated that the appellant could return to work if he was assigned desk work and allowed to use an ergonomic chair, we agree with the administrative judge that the July 27, 2022 note did not excuse his absences from work from before that date.

The appellant also alleges that the agency's failure to grant him OWCP leave violated federal law and the agency's own policies.[2] PFR File, Tab 1 at 8-9. The Board has held that an adverse action based on a charge of AWOL cannot be sustained if OWCP determines that "the employee was entitled to compensation benefits as a result of a work-related injury for the entire time period charged as AWOL." *Parkinson v. U.S. Postal Service*, 55 M.S.P.R. 552, 554 (1992) (citations omitted).

On June 29 and 30, 2022, the appellant informed the agency that his workers' compensation claim had been approved and that he had been granted 45 days of continuation of pay (COP).[3] IAF, Tab 31 at 96, 104. His supervisor replied on July 1, 2022, stating that the appellant had provided no documentation that he was eligible for COP. *Id.* at 113. In a September 1, 2022 letter, OWCP informed the appellant that the agency "should continue the claimant's pay without interruption for up to 45 days."[4] IAF, Tab 8 at 60. OWCP denied the

---

[2] The appellant did not identify any applicable agency policies, and we did not locate any in the record. PFR File, Tab 1 at 8-9.

[3] For most employees who sustain a traumatic injury, the Federal Employees' Compensation Act provides that the employer must continue the employee's regular pay during any periods of resulting disability, up to a maximum of 45 calendar days. This is called continuation of pay, or COP. 20 C.F.R. § 10.200(a).

[4] COP would have entitled the appellant to up to 45 days of pay starting on the first day disability began following the date of injury. 20 C.F.R. §§ 10.200(a); 10.215(b). The appellant's next scheduled date of work after the June 3, 2022 injury was June 6, 2022. IAF, Tab 33 at 19, Tab 44, Hearing Transcript (June 25, 2024) at 125 (testimony of the appellant). Forty-five days after this date was July 20, 2022.

appellant's claim on October 20, 2022, finding that he had not established that he sustained an injury as defined by the Federal Employees' Compensation Act. *Id.* at 196-200. In the denial, OWCP informed him that the agency would "charge any previously paid Continuation of Pay to your sick and/or annual leave balance or declare it an overpayment." *Id.* at 197. The appellant appealed, and the Employees' Compensation Appeals Board (ECAB) issued a July 5, 2023 decision in which it reversed the prior denial and found that he sustained a work-related injury on June 3, 2022. *Id.* at 63-66. However, ECAB did not substantively address COP in the reversal decision, beyond stating that "[o]n return of the case record, the Office must address the claimant's wage loss claim." *Id.* at 66. The record does not indicate how OWCP addressed this claim.

The administrative judge did not make explicit findings on whether individual AWOL specifications were sustained. ID at 4-16. Therefore, we do so here. First, we address specifications 1-18, which covered the appellant's absences between June 8 and July 26, 2022. IAF, Tab 8 at 92-93. The appellant has provided no evidence to justify his absences during this period, and his medical documentation indicated that he was able to return to work. *Id.* at 48, 53, 179. Therefore, we find that specifications 1-18 are sustained. Second, we address specifications 19-23, which covered his absences between July 27 and August 2, 2022. *Id.* at 93-94. The administrative judge implied that the July 27, 2022 medical note was sufficient to prove that the appellant was not medically cleared to attend work between July 27 and August 22, 2022. *Id.* at 180; ID at 13. We explicitly make this finding and further find that specifications 19-23 are not sustained. *See Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 9 (2007) (holding that an AWOL charge will not be sustained if an appellant presents administratively acceptable evidence showing that he was incapacitated for duty during the relevant time period if the employee has sufficient sick leave

to cover the period of absence).[5]  Based on these findings, we concur with the administrative judge's determination that the agency proved its AWOL charge. ID at 16; *see, e.g.*, *Stein v. U.S. Postal Service*, 57 M.S.P.R. 434, 438 (1993) (finding that proof of only one specification supporting a charge is sufficient to sustain the charge).[6]

Once again, the AWOL charge was just one of three charges underlying the appellant's removal.  We agree with the administrative judge's decision to sustain each, and we find no reason to further discuss any other aspect of the initial decision.  The appellant's removal is sustained.

### NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[5] The record shows that the appellant had sufficient sick leave to cover his absences on July 27, July 28, July 29, August 1, and August 2, 2022, which were the dates covered by specifications 19-23.  IAF, Tab 8 at 93-94, 111.

[6] Even if OWCP had awarded the appellant maximum COP benefits, we would still sustain the AWOL charge.  Because COP can only be awarded up to 45 calendar days, the appellant would have been entitled to COP at most between June 6, 2022, and July 20, 2022 (specifications 1-15).  20 C.F.R. § 10.200(a); IAF, Tab 8 at 92-93; *see supra* n.4.  As discussed above, the agency proved that the appellant was AWOL on July 21 (specification 16), July 22 (specification 17), and July 26, 2022 (specification 18).  The agency only needed to prove one of these specifications to prove the charge. *See Stein*, 57 M.S.P.R. at 438.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.